IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

FILED
JUN 2 0 2001
CLERK
U. S. DISTRICT COURT
MIDDLE DIST. OF ALA.

| | | |
|---|---|---|
| **CLEOPATRA JONES,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | CV-96-D-862-N |
| | ) | |
| **BILL HEARD CHEVROLET, INC.** | ) | |
| | ) | |
| **Defendant.** | ) | |

## FOURTH AMENDED COMPLAINT

### MATTERS COMMON TO MULTIPLE COUNTS

1.  This action seeks redress for the practices of Bill Heard Chevrolet, Inc. ("Bill Heard") for engaging in unfair and deceptive practices in the financing of automobiles and extended warranty protection. As a result of these practices, Plaintiff was deprived of relevant information to which she was entitled under the federal Truth in Lending Act ("TILA"). Plaintiff alleges that defendant's practices violated TILA, 15 U.S.C. §1601, *et seq.*

### JURISDICTION AND VENUE

2.  This Court has subject matter jurisdiction over this action under 15 U.S.C. §1640, 28 U.S.C. §1331 and 28 U.S.C. §1367. Venue in this District is proper, in that the defendant does business here and is therefore deemed to reside here under 28 U.S.C. §1391(c).

## PARTIES

3.  Plaintiff Cleopatra Jones, resides at Box 105, Midway, Bullock County, Alabama and are over the age of 19 years.

4.  Defendant, Bill Heard is a Georgia corporation doing business in Phenix City, Alabama.

## PLAINTIFF'S TRANSACTION

5.  On or about February 27, 1995, Ms. Jones went to the automobile dealership of defendant for the purpose of purchasing an automobile.

6.  In connection with the purchase of the automobile, Ms. Jones was sold an extended warranty.

7.  Defendant prepared a retail installment sale contract which contained a TILA disclosure.

8.  Defendant represented to Ms. Jones that $2,495.00 had been paid to a third party for extended warranty coverage and that this was a non-negotiable fee or charge by placing the amount charged for the extended warranty in the section entitled: "Other Charges Including Amounts Paid to Others on your Behalf."

9.  By placing this charge in the block with official fees and other non-negotiable charges, Defendant falsely represented that this entire amount was paid to others on Plaintiff's behalf and that this was a non-negotiable charge.

2

10. The charge for extended warranty coverage was in fact a negotiable rate and the entire amount was not paid to others, a significant portion of the charge was retained by defendant Heard, and defendant was aware of this fact.

11. On information and belief, the price of the extended warranty at Bill Heard for a credit sale, such as that of the plaintiff, is customarily higher than the price charged for an extended warranty in a cash sale.

12. Plaintiff would not have paid the amount shown for a "service contract" or extended warranty had it been revealed that this was a negotiable amount and that the dealer received a portion of the charge. Plaintiff justifiably and reasonably relied upon the representation of Defendant.

13. Plaintiff was damaged in that she paid an amount greater than she would have had to pay had the true nature of the charge for the extended warranty been made known to her.

14. Regulation Z, §226.18(c) requires creditors to make a "separate written itemization of the amount financed" that includes "any amounts paid to other persons by the creditor on the consumer's behalf." The Regulation further requires that those persons be identified and Regulation Z, 12 C.F.R. §226.17(a)(1) requires they be made "clearly and conspicuously."

## COUNT I

15. Plaintiff incorporates paragraphs 1 through 14 by reference.

16. Heard is a creditor within the meaning of TILA.

17. The Alabama Simple Interest Security Agreement was an extension of credit subject to TILA.

18. By showing amounts paid to others without indicating that the dealership was receiving part of the amount paid to others, defendant violated Regulation Z, §§226.18(c) and 226.17(a)(1).

19. The statute of limitations in this case has been tolled pursuant to the Eleventh Circuit decision in Ellis v. General Motors Acceptance Corp., 160 F.3d 703, 708-709 (11th Cir. 1998).

20. By charging the plaintiff, who financed the purchase of her automobile an amount greater than that charged to customers who were paying cash, and without disclosing such, the defendant violated the Truth in Lending Act.

WHEREFORE, the Court should enter judgment in favor of Plaintiff against defendant:

    a. Awarding actual damages.

    b. Awarding attorney's fees and litigation expenses pursuant to 15 U.S.C. §1640.

    c. Awarding costs of suit.

Respectfully submitted,

_____
C. Knox McLaney, III (MCL005)

**OF COUNSEL:**

McLANEY & ASSOCIATES, P.C.
509 S. Court Street
P.O. Box 4276
Montgomery, Alabama 36103
(334) 265-1282
(334) 265-2319 [FAX]

Lynn W. Jinks, III
JINKS, DANIEL, CROW & SEABORN, L.L.C.
P.O. Box 350
Union Springs, Alabama 36089
(334) 738-4225
(334) 738-4229 [FAX]

C. Neal Pope
Wade H. Tomlinson
Pope, McGlamry, Kilpatrick, Morrison & Norwood, LLP
P. O. Box 2128
Columbus, Georgia  31902-2128
(877) 265-7656
(706) 327-1536 [FAX]

**ATTORNEYS FOR PLAINTIFFS**

**JURY DEMAND**

Plaintiff demands trial by jury in this cause.

_____
OF COUNSEL

## CERTIFICATE OF SERVICE

I hereby certify that on this __20TH__ day of June, 2001, I have served a copy of the foregoing Amended Complaint upon attorney for defendant by placing a copy of same in the United States Mail, postage prepaid and properly addressed as follows:

Robert A. Huffaker
RUSHTON, STAKELY, JOHNSTON
 & GARRETT, P.A.
P.O. Box 270
Montgomery, Alabama 36101-0270

_____
OF COUNSEL

C:\MyFiles\HEARD\AMENDCOM4.wpd